IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK RICHARDSON, EV-5217, )
    Petitioner, )
     )
    v. ) 2:18-cv-1704
     )
PENNSYLVANIA BOARD OF PROBATION )
AND PAROLE, et al., )
    Respondents. )

MEMORANDUM OPINION and ORDER

Mark Richardson, an inmate at the State Correctional Institution-Pine Grove, has presented a petition for a writ of habeas corpus. For the reasons set forth below the petition will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Richardson is presently serving the balance of a sentence imposed on March 2, 2005 following his conviction on charges of robbery and burglary by the Court of Common Pleas of Philadelphia County, Pennsylvania.[1] It is not this conviction that he challenges here but rather the subsequent actions of the Board of Probation and Parole ("the Board").

On February 17, 2011 Richardson was released on parole with a maximum sentence expiration date of January 15, 2017.[2] On March 23, 2013 he was arrested in Philadelphia and charged with murder, criminal conspiracy, robbery and firearms violations.[3] As a result, on March 23, 2013 the Board issued a warrant to commit and detain and on May 6, 2013 the Board ordered his detention pending disposition of the criminal charges.[4] Petitioner pled guilty to charges of conspiracy to commit third degree murder and robbery with serious bodily injury on the new charges.[5] On March 27, 2014, Richardson conceded that he had been convicted of the

---

[1] See: Petition and Exhibit F to the answer of the Commonwealth.
[2] See: Exhibit A to the answer.
[3] See: Exhibits B and C to the answer.
[4] See: Exhibit D and E to the answer.
[5] See: Exhibit F to the answer.

new charges and waived a parole revocation hearing.[6] On May 10, 2014 the final signature was obtained by the Board and petitioner was recommitted as a convicted parole violator and denied credit for the time he was at liberty and on May 13, 2014 he was ordered to service the unexpired term of his original sentence when available.[7]

He was sentenced to fifteen to thirty years imprisonment on the later charges on January 16, 2015.[8] As a result, on April 22, 2015, the Board recommitted the petitioner as a convicted parole violator to serve the five years, ten months and twenty-nine days remaining on his earlier sentence and established a parole maximum date of December 14, 2020.[9] Richardson appealed this calculation and ultimately on October 4, 2016, the Pennsylvania Commonwealth Court determined that this calculation was correct and leave to appeal was denied by the Pennsylvania Supreme Court.[10]

Richardson now contends that the Board improperly changed his maximum release date from January 15, 2017 to December 14, 2020.

The relevant Pennsylvania statute, 61 Pa.C.S.A § 6138(a)(2) provides:

> If the parolee's recommitment is so ordered, the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and … shall be given no credit for the time at liberty on parole.

As a matter of state law this claim is not subject to review here. Swarthout v. Cooke, 131 S.Ct. 859 (2011).

Finally, the relevant Pennsylvania statute, 61 Pa.C.S.A.§ 6137 does not create a mandatory expectation of parole which has been determined to be a matter of grace. Rogers v. Pennsylvania Board of Probation and Parole, 555 Pa. 285 (1999). In the absence of a state mandated right of parole, parole is a matter of mere possibility and does not invoke a federally protected liberty interest. Kentucky Department of Corrections v. Thompson, 490 U.S. 455 (1989). In Connecticut v. Dumschat, 452 U.S. 458 (1981), the Court recognized that where there

---

[6] See: Exhibit G to the answer.
[7] See: Exhibits H and I to the answer.
[8] See: Exhibit J to the answer.
[9] See: Exhibit K to the answer. The Board explains in its answer that the December 14, 2020 maximum date was established by adding his remaining 2,159 days to January 16, 2015, his original parole maximum date established at the time of his release on parole. Interestingly, at the time of his release on parole, Richardson had a maximum expiration date of January 15, 2017.
[10] See: Exhibits M, N O, P, Q, R, S, T and U to the answer.

is no liberty interest created, there is no constitutional basis for relief. Since federal habeas corpus relief is premised on violations of constitutional proportion, no such factors exist here since the reasons for continued sentence were based on the plaintiff's conduct outside the institution and not on some arbitrary or capricious basis. Block v. Potter, 631 F.2d 233, 235 (3d Cir.1980).

In Coady v. Vaughn, 251 F.3d 480,487 (3d Cir.2001), the Court observed that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."

Thus, the record clearly demonstrates that Richardson's re-incarceration on the original charges was not the result of a violation of any federally protected rights. Rather, the record demonstrates that at the time of his release on parole he still had a significant term remaining on his original sentence. Thus, the continuation of his incarceration after revocation is fully supported by the record here and not based on any arbitrary or capricious factors. For this reason, there is no demonstration that any action of the Board was contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of that law and for these reasons he is not entitled to relief.

Accordingly, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

Filed: May 9, 2019                        s/ Robert C. Mitchell
                                                      United States Magistrate Judge

ORDER

AND NOW, this 9th day of May, 2019 for the reasons set forth in the foregoing Memorandum, the petition of Mark Richardson for a writ of habeas corpus is dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied.

s/ Robert C. Mitchell  
United States Magistrate Judge